HEIRS OF ERUNDINA VÉLEZ VALENTÍN, Plaintiffs and Appellees, v. ULISES VÉLEZ ET AL., Defendants and Appellants.

No. 4404. Argued May 11, 1928.—Decided July 26, 1929.

*A. Reyes Delgado* and *H. Miranda,* for appellants.   *G. Zeno Sama,* for appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The children and heirs of Erundina Vélez brought an action in the District Court of Arecibo on March 30, 1926, against Ulises Vélez and Eurípedes Vélez to recover the sum of $1,500, which they acknowledged on January 28, 1918, they owed to plaintiffs' ancestor, as evidenced by a promissory note, signed by them, which was copied in the complaint, and interest thereon at the rate of ten per cent per annum as from January 1, 1925, when they ceased paying interest.

The said note shows its due date to be December 31, 1918, is payable to the order of Erundina Vélez, and provides that, in case of failure to pay the same on maturity, the debtors bind themselves to pay interest thereon at the rate of ten per cent annually should an express or implied extension be granted them.

The complaint was amended several times and it was alleged in the last amended complaint that at the time the said note was made neither Erundina Vélez nor the defendants were merchants; that the obligation did not arise from commercial transactions; and that when it became due on December 31, 1918, it was extended for another year and likewise on each year following, the last extension to expire on December 31, 1924.

The defendants answered opposing the claim. They denied that the obligation sued on had been extended, and pleaded as defenses that said obligation has been paid and that, even if it has not been paid, the same has prescribed under the Code of Commerce.

After a trial the court found against the defendants, who were adjudged to make payment in equal shares. This appeal has been taken from that judgment.

The first ground of reversal urged by the appellants is the admission of certain documents introduced by the plaintiffs at the trial. Said documents are the promissory note subscribed by the defendants with indorsements thereon showing that the same had been extended, and four letters from Ulises Vélez, dated in 1920, 1921, and in January and May, 1923, addressed to his nephew Demetrio Vélez, one of the plaintiffs herein, in regard to the payment of interest on the note, forwarding certain amounts in payment of such interest and of a property, and stating that they desire to pay their debt to Erundina but that they are unable to do so.

It appears from the record that Demetrio Vélez is·the only male child of Erundina Vélez and that during her lifetime he managed her property and likewise, after her death, that of her heirs; also that his uncle Ulises Vélez had managed for many years and until 1923 a piece of property, which belonged first to his sister Erundina and then to her heirs, and that he took charge of it again in 1924. The indorsements extending the promissory note at the end of each year until 1923 were written by Demetrio Vélez, and the document was introduced in evidence in connection with the aforesaid letters. Appellants maintain that the note in question was not admissible in evidence for the purpose of showing the extensions, as the latter are not subscribed by the debtors, and they base their contention on the provisions of section 48 of the Code of Civil Procedure, which section reads as follows: ·

"No acknowledgment or promise is sufficient evidence of a new

or continuing contract, by which to take the case out of the operation of this Title, unless the same is contained in some writing signed by the party to be charged thereby."

We held in *Heirs of Martínez* v. *Fernández,* 19 P.R.R. 136, that even supposing that section 48 of the Code of Civil Procedure refers to all periods of prescription, it contains no provision which requires that a complaint alleging a new promise must set forth that such new promise was in writing; also that a promise is not an indispensable requisite for the interruption of prescription. But we need not consider said section 48 in the present case, because it appears from the letters submitted in connection with the promissory note that the appellants were paying interest on the obligation, which shows an implied extension thereof, since according to the instrument they were required to pay such interest only in the event of an express or implied extension. Therefore, the letters wherein mention is made of the interest on the obligation, and the promissory note connected with them, were admissible in evidence to prove the extension and, consequently, that the obligation had not prescribed.

The second assignment of error relates to the overruling of the motion of defendant Eurípedes Vélez for a dismissal of the complaint as to him on the ground that the right to recover from him had prescribed in accordance with section 950 of the Code of Commerce.

It was alleged in the fifth paragraph of the last amended complaint that the note was extended on the dates mentioned therein and that the defendants paid interest in full up to December 31, 1924; and the defendants in their answer specifically denied the averments of that paragraph and that they had applied for extensions, but they failed to deny having paid interest on the note up to December 31, 1924. Therefore, under section 132 of the Code of Civil Procedure, that uncontroverted material allegation of the complaint must be taken as true. Interest having been paid by Eurípedes Vélez, he can not now claim that the obligation had not been

tacitly extended as to him, and that it had prescribed after a lapse of three years from its maturity, as provided for commercial notes. Consequently the court did not commit the alleged error.

The third assignment relates to the overruling of the plea of prescription.

This assignment relies on the assumption that the extensions of the note had not been proved and, hence, that the obligation prescribed after three years under the Code of Commerce.

After reading all the evidence in this case, we are convinced that the defendants paid interest on the note sued on; and since they were required to pay it only in case of an express or implied extension, the conclusion must be reached, as previously stated, that if they paid interest up to December 31, 1924, it was because the obligation had been tacitly extended up to that time. The note, therefore, had not prescribed when suit was filed to recover thereon two years from the last extension.

Lastly it is urged that the trial court erred (1) in holding that certain amounts paid by defendant Ulises Vélez to his sister Erundina and her son Demetrio are not applicable to the obligation sued on, (2) in sustaining the complaint; and (3) in rendering the judgment, which is said to be contrary to the law and the evidence.

We have already stated that, both during the lifetime of Erundina Vélez and after her death, her brother Ulises managed a property belonging first to her and then to her heirs. During that time Ulises Vélez delivered certain sums of money which he now seeks to apply to his one-half share in the obligation sued on, which application is controverted by the plaintiffs. The lower court held that Ulises Vélez had failed to prove the payment of the note and we think that it reached the right conclusion, since there was also testimony from a disinterested witness showing that he had a talk with Ulises Vélez in 1926 (months before the filing of the original

complaint), in order to induce him to reach a settlement with his nephews as to the payment of the note, and that Ulises Vélez told the witness that as far as he was concerned there was no objection. This tends to show that prior to that date he had not made the payment he now claims to have made.

The judgment appealed from must be affirmed.